CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
for Rnoke
OCT 15 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OWAIIAN M. JONES,<br>Plaintiff, | ) Civil Action No. 7:13-cv-00438<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| COMMONWEALTH OF VIRGINIA, et al.,<br>Defendants. | ) By: Hon. Michael F. Urbanski<br>) United States District Judge |

Owaiian M. Jones, proceeding pro se, filed a Complaint that the court construes as arising from 42 U.S.C. § 1983 and Virginia law with jurisdiction vested in 28 U.S.C. §§ 1331, 1343, and 1367. Plaintiff names as defendants the Commonwealth of Virginia, the Sheriff of Roanoke City, and the Roanoke City Police Department. Plaintiff generally alleges that Defendants violated federal and state constitutions, statutes, and case law by "arresting the Plaintiff without legitimate color of state" [sic]; "assaulting the Plaintiff both physically and mentally"; and "failing to observe [their] own rules, regulations, and policies, specifically including . . . adequately treat[ing] the defendant [sic] medically."

The court must dismiss the Complaint for failing to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint fails to present sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ."[1] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff does not explain how officials lacked the legal authority to arrest him, does not describe any facts about the alleged assault, and does not describe how he experienced any deficient medical care or resulting

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints. the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

injury. The Complaint is far too vague, and Plaintiff cannot rely on mere labels and conclusions to state a claim because such statements are not entitled to an assumption of truth. Iqbal, 556 U.S. at 679. Furthermore, the fact that state officials have not followed their own independent policies or procedures also does not state a constitutional claim. Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). Moreover, Plaintiff cannot recover via § 1983 about allegations of negligence. See, e.g., Whitley v. Albers, 475 U.S. 312, 320 (1986); Daniels v. Williams, 474 U.S. 327 (1986); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Accordingly, Plaintiff presently fails to state a claim upon which relief may be granted. Although Plaintiff is granted leave to proceed in forma pauperis, the Complaint is dismissed without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

ENTER: This ___15th___ day of October, 2013.

/s/ Michael F. Urbanski

United States District Judge